# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMMY HAN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | Case No. 2:24-cv-8371-FWS-RAO<br><br>ORDER DISMISSING PETITION |

　　　On September 27, 2024, Petitioner Jammy Han ("Petitioner")—a then-federal inmate in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") Medium II in Victorville, California, and proceeding *pro se*— filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). The Petition claims that the BOP is improperly holding Petitioner at FCI Victorville II even though he is eligible for transfer to a residential reentry center ("RRC"). Pet. at 8. The Petition asks the Court to order the BOP to release Petitioner to an RRC or home confinement. *Id.* at 9.

　　　Petitioner also filed a motion for temporary restraining order ("TRO Motion") on September 27, 2024, requesting the same relief set forth in the Petition. Dkt. No. 2. The Court denied the TRO Motion on October 4, 2024, and subsequently denied Petitioner's motion for reconsideration. Dkt. Nos. 13, 16.

1     On October 3, 2024, Respondent filed a Motion to Dismiss the Petition ("Motion"), along with a declaration of a BOP program specialist and supporting exhibits. Dkt. No. 8. The Motion contends that the Petition should be dismissed on jurisdictional grounds and, alternatively, for failure to exhaust administrative remedies. *Id.* at 3–7. With respect to Petitioner's release date, Respondent calculated a projected release date of February 11, 2025, with First Step Act ("FSA") credits applied. Dkt. No. 8-1 at 2. Petitioner then filed his response in opposition to Respondent's Motion. Dkt. Nos. 15, 19.

The Court independently conducted a public records check of BOP's inmate locator which indicates that Petitioner was released from BOP custody on February 11, 2025. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 14, 2024). For the following reasons, the Court dismisses the Petition as moot.

A federal court's jurisdiction is limited to actual cases or live controversies. *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there exists no live issue for the court to grant relief upon. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (highlighting that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists). When a litigant seeks action from an administrative agency, performance by the agency of the relief sought is sufficient to render the claim moot and absolve the federal court of jurisdiction to adjudicate the suit. *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

In bringing this action, Petitioner sought release to an RRC placement or home detention, and since the filing of the Petition, he has been released. Because Petitioner has obtained the relief he sought by initiating this action—namely, release from BOP custody—the matter no longer involves a "live controversy." *Peneueta v. Ricolcol*, No. 2:23-cv-6361, 2024 WL 2884218, at *5 (C.D. Cal. May 21, 2024) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)). Because Petitioner was released from BOP custody, his Petition is now moot.

For the foregoing reasons, the Petition is dismissed without prejudice. All pending motions are denied as moot.

Dated: February 18, 2025

                                            Hon. Fred W. Slaughter
                                            UNITED STATES DISTRICT JUDGE